NOT FOR PUBLICATION                                                                                    CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSEM ABULKHAIR,<br><br>                Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY et al.,<br><br>                Defendants. | Civil Action No.: 09-3419 (JLL)<br><br><br>OPINION |

Currently before this Court is Defendants' motion to dismiss Plaintiff's Complaint. Plaintiff is acting pro se in this matter. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, Defendants' motion is granted.

I.      BACKGROUND

Plaintiff sustained injuries in an automobile accident with an uninsured motorist. Plaintiff sought coverage for expenses related to his injuries under an automobile policy issued to him by Defendant Liberty Mutual Insurance Company ("Liberty Mutual"). Liberty Mutual did not provide the coverage requested by Plaintiff. Plaintiff commenced a state court action against Liberty Mutual in March 1999. Various proceedings including multiple different state actions followed. Plaintiff was not satisfied with the outcomes of these proceedings. Plaintiff's present

action is brought in this Court against Liberty Mutual as well as Liberty Mutual's counsel, Karen Kuebler and the Law Offices of Linda Baumann, for what he terms their negligent misrepresentations, misconduct, and fraud upon the state courts directed against him because he is a Moslem litigant.  Plaintiff seeks monetary relief against Defendants.

## II.     DISCUSSION

Plaintiff's Complaint does not specifically assert a basis for this Court's jurisdiction, but does say that the "action is being brought under the provision of the Civil Rights Act of 1964 Sec. 201, 42 U.S.C. § 1981, § 1983, § 1985, 28 U.S.C. § 1443, 18 U.S.C. § 241, § 242, 552 (1977), U.S. Constitution amendments VI, VII, and XIV."  (Compl. ¶ 4.)  However, his Complaint asserts only the following two claims: "negligent misrepresentation, insurance fraud act, anti-fraud public policy, and 552 (1977) violations" (Count 1) and "punitive damages" (Count II).  (Id., at 5.)  In his opposition brief, he makes clear that he is asserting a claim for negligent misrepresentation.  He states: "THE UNDERLYING LITIGATION IS A NEGLIGENT MISREPRESENTATION ACTION CONCERNING VIOLATION OF THE FEDERAL AND STATE STATUTES AND DISCRIMINATION of which this Court has absolute jurisdiction to litigate it pursuant to [Restatement (Second) of Torts] 522 (1977)."  (Pl.'s Opp'n Br., at 1 (emphasis in original).)  Plaintiff mentions no specific federal law or statutes in his opposition brief.  He discusses his claim for negligent misrepresentation and mentions the Restatement (Second) of Torts as well as the New Jersey Insurance Fraud Prevention Act and the New Jersey Consumer Fraud Act.

### A.     Diversity Jurisdiction

If Plaintiff's claims are construed as he insists they should be in his opposition brief, then

he presents solely state law claims. Such claims may be brought in federal district court pursuant to 28 U.S.C. § 1332(a) if the matter in controversy exceeds the sum or value of $ 75,000 and is between citizens of different states. But, to find jurisdiction based upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant. See Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996). Here, complete diversity is lacking. Plaintiff's Complaint states that he is a New Jersey resident. The affidavits of Karen Kuebler and Linda Baumann (and the Law Offices of Linda Baumann) attest that they are also New Jersey residents and citizens. Therefore, diversity jurisdiction does not exist.

      B.      **Federal Question Jurisdiction**

The jurisdiction of this court also may be based on federal question jurisdiction under 28 U.S.C. § 1331. This section provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Even construing Plaintiff's Complaint liberally and discounting the arguments in his opposition brief regarding the claims he is asserting, this Court finds that there also is no federal question jurisdiction. Although Plaintiff cites various federal laws in his Complaint, without any further context or basis provided, none of these laws appear to be applicable to this matter. As this Court previously held in an unrelated case brought by Plaintiff before this Court, "it is insufficient to merely allege a federal statute as the basis for the Court's jurisdiction;" a complaint must state a claim that arises under federal law. Abulkhair v. Friedrich, No. 06-2521, 2006 WL 1644821, at *3 (D.N.J. June 9, 2006).

Plaintiff's Complaint references the following federal laws: 28 U.S.C. § 1443, 18 U.S.C. §§ 241, 242, 42 U.S.C. §§ 1981, 1983, 1985, Civil Rights Act of 1964, and various

Constitutional provisions. 28 U.S.C. § 1443 is a removal provision; this matter was not removed from state court. 18 U.S.C. §§ 241 and 242 are criminal provisions which "do not . . . create a private right of action for damages or authorize an individual to institute criminal proceedings." See Ahbanawa v. City of Newark, No. 08-1459, 2008 WL 4792676, *2 (D.N.J. Oct. 30, 2008). 42 U.S.C. § 1981 bars racial, not religious, discrimination in the making or enforcement of a contract. See Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385 (3d Cir. 1999). Plaintiff makes no such allegations in his Complaint. 42 U.S.C § 1983 applies only to state actors. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Defendants are not alleged to be, nor do they appear to be, state actors. 42 U.S.C. § 1985(2) involves conspiracies to interfere with civil rights "by force, intimidation, or threat." An alleged conspiracy to deny an individual access to the courts does not state a § 1985 claim. See Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976). Additionally, Plaintiff's Complaint contains no allegations of force or threats by Defendants. With regard to 42 U.S.C. §1985(3), "in the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under [this subsection]: the right to be free from involuntary servitude and the right to interstate travel," see Brown, 250 F.3d at 805, neither of which are implicated in Plaintiff's Complaint. The Civil Rights Act of 1964 only allows for injunctive, prospective, relief. See 42 U.S.C. § 2000a-3; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 n.5 (1970). It does not provide a remedy for monetary damages or other relief based on past actions, the relief Plaintiff is seeking in this case. Finally, there is no direct right of action against private entities or individuals for violations of the federal Constitution. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72 (2001). Thus, no federal question appears on the face of Plaintiff's

Complaint; federal question jurisdiction does not exist.

### III.     CONCLUSION

Because this Court finds that it is without subject matter jurisdiction over this matter–there being no diversity or federal question jurisdiction–the Court has no power to speak to the merits of Plaintiff's underlying action and must simply dismiss the Complaint.  See Steel Co. v. Citizens For A Better Environment, 523 U.S. 83, 94 (1998); Cunningham v. RRB, 392 F.3d 567, 570 (3d Cir. 2004).  An appropriate Order accompanies this Opinion.


Dated: December 21, 2009                             /s/ Jose L. Linares
                                                    UNITED STATES DISTRICT JUDGE